By the Court.—McAdam, J.
The plaintiff proved that he had a conversation with Louis K. Ungrich, one of the defendants, at which he was employed on their behalf to find a purchaser for the property in question, under an agreement that he was to be compensated for his services at the rate of one per cent upon the selling price. That, acting under this employment, he called the attention of Blackburn to the property, and placed him in communication with the defendants, and that his efforts eventuated in the sale to Blackburn at $67,500. Blackburn, the purchaser, was next called as a witness and testified that *379 his attention was first called to the property by the plaintiff and, in effect, that he was the procuring cause of the sale subsequently made. Indeed, Louis K. Ungrich admitted in the presence of the witness Quinn that the plaintiff was the inducing cause of the sale, and the proof on this subject is emphatic.
The plaintiff having proved: 1st, his employment to sell; 2d, a special agreement to pay him for his services at the rate of one per cent on the selling price ; 3d, a sale through his efforts to Blackburn at $67,500, established a clear cause of action against Louis K. Ungrich, and the only remaining question is whether the obligation is to be enforced against him alone or jointly with his brother and co-owner Louis Ungrich.
The evidence shows that Louis K. Ungrich had authority to sell the property; he did sell it, and executed the contract of sale on his own behalf and as agent of his brother Louis. Louis ratified the sale, by joining in the execution of the deed required by the contract. The property was placed in the hands of several brokers by Louis K. Ungrich, to the knowledge of his brother, and inferentialiy by his approval. The circumstances stated .were sufficient to authorize a finding that Louis K. Ungrich had authority from his brother to employ assistance in effecting a sale of the property, and to make any contract for the payment of the customary brokerage charges. It is impossible to lay down any inflexible rule by which it can be determined what evidence shall be sufficient to establish an agency in any given case, but it may be said in general terms, that whatever evidence has the tendency to prove the agency is admissible, even though not full and satisfactory, as it is the province of the jury to pass upon and determine what weight it is entitled to receive. Bickford v. Menier, 36 Hun, 446 ; Haywood Co. v. Burns, 15 St. Rep. 570; Leslie v. Knickerbocker I. Co., 63 N. *380 Y. 27. The case was carefully submitted to the jury, and they found the facts in favor of the plaintiff. The evidence satisfactorily sustains their verdict, and the judgment entered upon it and the order denying the motion for a new trial must be affirmed, with costs.
Sedgwick, Ch. J., concurred.